

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIE FRAZIER, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:19-1272-MGL-TER |
| § | |
| SOUTH CAROLINA DEPARTMENT OF § | |
| CORRECTIONS, WARDEN CANNING, § | |
| MAJOR SMITH, and CAPTAIN DAVIS, § | |
| Defendants. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S FEDERAL CLAIMS

Plaintiff Willie Frazier (Frazier) filed this lawsuit pursuant to 42 U.S.C. §1983 against Defendants South Carolina Department of Corrections, Warden Canning, Major Smith, and Captain Davis, (collectively, Defendants). Frazier alleges violations of his constitutional rights based on conditions of confinement while he was housed at the Kershaw Correctional Institution. He is currently incarcerated at the McCormick Correctional Institution. Frazier is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendants' motion for summary judgment be granted as to Frazier's federal causes of action, and the Court decline to exercise its supplemental jurisdiction over any state claims. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 12, 2021, but Frazier failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment as to Frazier's federal claims is **GRANTED**. Those claims are **DISMISSED WITH PREJUDICE**. To the extent Frazier has raised any state claims, however, those claims are **DISMISSED WITHOUT PREJUDICE** so that he can file them in state court if he wishes to do so. And, Frazier's supplemental motion to disclose is necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 3rd day of March, 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Frazier is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.